UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| KEVIN ALFARO and GEORGEANA SZISZAK,<br><br>       Plaintiffs,<br><br>v.<br><br>MICHAEL REMPUSHESKI,<br><br>       Defendant. | CIVIL ACTION<br>Case No. 2:21-cv-2271 |

**BRIEF IN SUPPORT OF DEFENDANT MICHAEL REMPUSHESKI'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT IN LIEU OF AN ANSWER PURSUANT TO FED R. CIV. P. 12(b)(6) FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF MAY BE GRANTED**

LEONARD V. JONES - 113352014
CHASAN LAMPARELLO MALLON & CAPPUZZO, PC
300 Lighting Way, Suite 200
Secaucus, NJ  07094
(201) 348-6000
**Attorneys for Defendant Michael Rempusheski**

## TABLE OF CONTENTS

TABLE OF AUTHORITIES ..........................................iii

PRELIMINARY STATEMENT ..........................................1

STATEMENT OF FACTS ............................................3

LEGAL STANDARD ...............................................5

POINT I ......................................................7

    Plaintiffs were not deprived of any constitutionally
    protected right............................................7

POINT II .....................................................11

    Detective Rempusheski is entitled to qualified immunity.....11

    1. Probable cause existed for the issuance of this complaint-
    summons ...................................................13

POINT III ....................................................19

    Plaintiffs cannot establish a claim for malicious
    prosecution ...............................................19

CONCLUSION ...................................................21

## TABLE OF AUTHORITIES

**STATE CASES**                                                              **Page**

Brown v. State,
230 N.J. 84, 98-99 (2017) ................................. 12

Connor v. Powell,
162 N.J. 397, 409 (2000) ............................... 17, 19

Hutton Park Gardens v. Town Council,
68 N.J. 543 (1975) ........................................ 8

Kirk v. City of Newark,
109 N.J. 173, 234 (1988) ................................. 14

Morillo v. Torres,
222 N.J. 104, 116, 117 (2015) ......................... 11,12

N.J. Sports Prod. Inc. v. Bobby Bostick Promotions, LLC,
405 N.J. Super. 173, 178 (Ch. Div. 2007) ................. 15

Roman Check v. Dept. of Banking,
169 N.J. 105, 110 (2001) .................................. 8

Schneider v. Simonini,
163 N.J. 336, 349-50 (2000) .............................. 13

State Farm Mut. Auto. Ins. Co. v. State,
124 N.J. 21, 46-47 (1991) ................................. 8

**FEDERAL and SUPREME COURT CASES**

Ashcroft v. al-Kidd,
131 S.Ct. 2074, 2083 (2011) .............................. 12

Ashcroft v. Iqbal,
556 U.S. 662, 678 (2009) ................................. 5,6

Bell Atl. Corp. v. Twombly,
550 U.S. 544, 570 (2007) .................................. 5

Brinegar v. United States,
338 U.S. 160, 175-76 (1949) .............................. 13

City & Cnty. of S.F. v. Sheehan,
575 U.S. 600, 611 (2015) ................................... 12

DiBella v. Borough of Beachwood,
407 F.3d 599, 601 (3d Cir.2005) ........................... 20

Estate of Smith v. Marasco,
318 F.3d 497, 514 (3d Cir.2003) ........................... 14

Fowler v. UPMC Shadyside
578 F.3d at 210-11 ......................................... 6

Harlow v. Fitzgerald,
457 U.S. 800, 818 (1982) .................................. 11

Hill v. Borough of Kutztown,
455 F.3d 225, 241 (3d Cir. 2006) ........................... 9

In re Burlington Coat Factory Sec. Litigation,
114 F.3d 1410, 1426 (3d Cir. 1997) ........................ 15

In re Rockefeller Ctr. Props., Inc. Sec. Litig.,
184 F.3d 280, 287 (3d Cir. 1999) ........................... 6

Kelly v. Borough of Carlisle,
622 F.3d 248, 255-56 (3d Cir.2010) ........................ 18

Mesa v. Prejean,
543 F.3d 264, 273 (5th Cir. 2008) ...................... 10,14

Mitchell v. Forsyth,
472 U.S. 511, 526 (1985) .................................. 11

New Jersey Carpenters & the Trustees Thereof v. Tishman Const.
Corp. of New Jersey,
760 F.3d 297, 302 (3d Cir. 2014) ........................... 5

Pearson v. Callahan,
555 U.S. 223, 232 (2009) .................................. 11

Pension Benefit Guar. Corp. v. White Consol. Indus., Inc.,
998 F.2d 1192, 1196-97 (3d Cir. 1993) .................... 7,15

Phillips v. Cnty. of Allegheny,
515 F.3d 224, 232 (3d Cir. 2008) ........................... 5

Pulice v. Enciso,
39 F. App'x 692, 696 (3d Cir. 2002) ....................9,10,14

Saucier v. Katz,
533 U.S. 194, 201 (2001) ...............................12,18

Santiago v. City of Vineland,
107 F.Supp.2d 512, 566 (D.N.J.2000) .......................20


**UNPUBLISHED CASES**

Whaley v. Borough of Collingswood, No. 10-4343, 2012 WL 2340308,
at 13 (D.N.J. June 18, 2012) ...............................9


**STATUTES AND RULES**

N.J.S.A. 2C:33-4.1(a) ...................................16,17
N.J.S.A. 2C:33-4.1(a)(2) .................................4,16
N.J.S.A. 10:6-1 et seq ......................................8
N.J.S.A. 10:6-2 et seq ....................................1,9

Fed. R. Civ. P. 8(a)(2) .....................................5
Fed. R. Civ. P. 12(b)(6) ............................2,4,5,21
Rule 3:3-1(b) ...............................................4

42 U.S.C. § 1983......................................1,9, 11
N.J. Const. Art. I, par. 6. .................................8
U.S. Const. amend. I, § 1 ..................................7

## PRELIMINARY STATEMENT

This motion to dismiss is brought on behalf of Defendant Detective Michael Rempusheski ("Defendant" or "Detective Rempusheski") in connection with the meritless Complaint filed on behalf of Kevin Alfaro ("Alfaro") and Georgana Sziszak ("Sziszak") (collectively "Plaintiffs").

Specifically, Plaintiffs originally filed a Complaint on or about February 10, 2021. Thereafter, the operative amended complaint was filed on March 18, 2021. (ECF No. 8 ("Compl.")) Plaintiffs three count Complaint asserts as Count 1 a baseless allegation of violation of the First Amendment pursuant to 42 U.S.C. § 1983 ("§ 1983"). Compl. ¶ 45. As Count 2, the Complaint alleges the same baseless claims of a constitutional violation under the New Jersey Civil Rights Act, N.J.S.A. 10:6-2 et seq. ("NJCRA"). Compl. ¶ 50. Finally, Count 3 of the Complaint alleges "malicious prosecution" and makes the unsupportable argument that there was not probable cause for the allegations brought against the Plaintiffs. Compl ¶ 55.

Plaintiffs' Complaint alleges that they were charged with an offense because of a post made by Alfaro on the social medial platform, Twitter. Alfaro's post was subsequently shared by Sziszak. The post was a photograph of a uniformed Nutley police detective, Peter Sandomenico ("Detective

1

Sandomenico") with the caption, "[i]f anyone knows who this bitch is throw his info under this tweet." Plaintiffs' assert that Detective Rempusheski violated their First Amendment rights because a criminal-summonses issued charging them with cyber-harassment for the post which reasonably caused Detective Sandomenico to be fearful for his safety. On August 7, 2020, just two weeks after the charges were issued, the prosecutor's office that authorized the charges declined to prosecute and dismissed the charges against Plaintiffs.

As a matter of law, Plaintiffs' have failed to state a claim. By way of example, the allegations as pled do not, even if taken as true, do not establish the elements necessary to bring a claim under § 1983 or the NJCRA. Additionally, it cannot be meaningfully disputed that there has been no constitutional violation of the Plaintiffs' rights. Similarly, Plaintiffs claim of malicious prosecution must fail as Plaintiffs do not and cannot plead any facts to suggest any malice on the part of Detective Rempusheski nor has he or could he based upon the facts asserted herein "chill" Plaintiffs' speech. Finally, the allegations set forth in the Complaint are further subject to dismissal as the claims herein are regularly dismissed on the basis of qualified immunity. For the reasons more fully set forth herein, pursuant to Fed. R. Civ. P. 12(b)(6), Detective

Rempusheski hereby moves for an Order for the complete dismissal of the amended-complaint on the basis that it fails to state a claim upon which relief can be granted.

## STATEMENT OF FACTS

Plaintiffs' Complaint alleges that on June 26, 2020, Alfaro attended a rally in Nutley, New Jersey. Compl. ¶ 14. Alfaro joined the rally in front of Nutley Town Hall, where he encountered individuals from another group of protestors. Compl. ¶¶ 14-15. Despite the absence of any violence, Alfaro grew frustrated and upset at the nearest officer. Id. at 17. Alfaro alleges that other individuals at the rally were threatening violence. Id. Alfaro does not allege that he reported these purported threats of violence to the officer on scene or any other officer. Instead, Alfaro then took a picture of the officer before leaving the march, and posted it on his Twitter page with the following caption, "[i]f anyone knows who this bitch is throw his info under this tweet." Id. at 17-18. Alfaro's twitter post was shared five times, including by Sziszak. Id. at 20-21. The officer in the picture was identified as Detective Sandomenico.

On July 20, 2020, Detective Rempusheski conducted a thorough investigation and after conferring with the prosecutor's office, a complaint-summonses issued charging

Plaintiffs with cyber-harassment, in violation of N.J.S.A. 2C:33-4.1(a)(2). Id. at 26-28. The complaint-summonses were issued in accordance with R. 3:3-1(b), with an affidavit of probable cause.[1] Id. at 31-21. The complaint-summons and affidavit of probable cause of each Plaintiff indicated that the officer referenced in the Twitter post feared that "harm [would] come to [his person], family, and property." Id. at 32. Importantly, the investigative reports reveal that the cyber-harassment charge was approved by a prosecutor prior to Detective Rempusheski issuing the complaint-summonses at issue here.

Plaintiffs' complaint was filed on February 10, 2021. Plaintiffs' amended-complaint was filed on March 18, 2021. Detective Rempusheski respectfully submits this instant application pursuant to Fed. R. Civ. P. 12(b)(6) to dismiss this action against him.

---

[1] Plaintiffs' complaint and amended complaint reference the complaint-summonses and affidavit of probable cause, indicating that they are attached as Exhibits A and B. However, the documents attached to the complaint are not these referenced documents, but are the motions to admitted pro hoc vice. Similarly, there are no documents attached to plaintiffs' amended complaint. The undersigned counsel requested copies of the referenced documents. However, at the time of filing of the motion, no response has been received from Plaintiffs' counsel.

## LEGAL STANDARD

To survive a Rule 12(b)(6) motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). Facial plausibility exists "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 662; see also Fed. R. Civ. P. 8(a)(2) (a pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief"); Phillips v. Cnty. of Allegheny, 515 F.3d 224, 232 (3d Cir. 2008) (Rule 8 "requires a 'showing' rather than a blanket assertion of an entitlement to relief"). For the purposes of a motion to dismiss, the facts alleged in the complaint are accepted as true and all reasonable inferences are drawn in favor of the plaintiff. New Jersey Carpenters & the Trustees Thereof v. Tishman Const. Corp. of New Jersey, 760 F.3d 297, 302 (3d Cir. 2014).

The Third Circuit has instructed the District Court to undertake the following analysis when evaluating a motion to dismiss:

> [W]hen presented with a motion to dismiss for failure to state a claim, district courts should conduct a two-part analysis. First,

> the factual and legal elements of a claim
> should be separated. The District Court must
> accept all of the complaint's well-pleaded
> facts as true, but may disregard any legal
> conclusions. Second, a District Court must
> then determine whether the facts alleged in
> the complaint are sufficient to show that
> the plaintiff has a plausible claim for
> relief. In other words, a complaint must do
> more than allege the plaintiff's entitlement
> to relief. A complaint has to 'show' such an
> entitlement with its facts ... where the
> well- pleaded facts do not permit the court
> to infer more than the mere possibility of
> misconduct, the complaint has alleged – but
> it has not shown – that the pleader is
> entitled to relief ... This 'plausibility'
> determination will be a context-specific task
> that requires the reviewing court to draw on
> its judicial experience and common sense.

Fowler v. UPMC Shadyside, 578 F.3d 203, 210-11 (3d Cir. 2009).

Thus, to survive a motion to dismiss, a plaintiff's complaint must represent a legitimate, justifiable claim rather than an empty narrative of the law. See Iqbal, 556 U.S. at 678 ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice").

Moreover, a court may consider documents that are "integral to or explicitly relied upon in the complaint" or any "undisputedly authentic document that a defendant attaches as an exhibit to a motion to dismiss if the plaintiff's claims are based on the document[.]" In re Rockefeller Ctr. Props., Inc. Sec. Litig., 184 F.3d 280, 287 (3d Cir. 1999). Reliance on these documents does not convert a motion to dismiss into a

motion for summary judgment. <u>Pension Benefit Guar. Corp. v.</u> <u>White Consol. Indus., Inc.</u>, 998 F.2d 1192, 1196-97 (3d Cir. 1993) ("When a complaint relies on a document … the plaintiff obviously is on notice of the contents of the document, and the need for a chance to refute evidence is greatly diminished").

## I.  **Plaintiffs were not deprived of any constitutionally protected right.**

Plaintiffs' asserts a First Amendment retaliation claim against Detective Rempusheski in their amended-complaint. Compl. ¶¶ 44-53. Specifically, plaintiffs' allege that Detective Rempusheski issued the complaint-summonses because of the social media post by Alfaro, which was shared Sziszak. <u>Id.</u> Plaintiffs' complaint fails because probable cause existed for the issuance of a complaint-summons for Alfaro and Sziszak, and Detective Rempusheski is entitled to qualified immunity.

The First Amendment to the United States Constitution states:

> Congress shall make no law respecting an establishment of religion, or prohibiting the free exercise thereof; or abridging the freedom of speech, or of the press; or the right of the people peaceably to assemble, and to petition the Government for a redress of grievances.

U.S. Const. amend. I, § 1.

7

Those fundamental rights also are protected under our State Constitution. N.J. Const. Art. I, par. 6. Article I, Paragraph 6 of the New Jersey Constitution states:

> Every person may freely speak, write and publish his sentiments on all subjects, being responsible for the abuse of that right. No law shall be passed to restrain or abridge the liberty of speech or of the press. In all prosecutions or indictments for libel, the truth may be given in evidence to the jury; and if it shall appear to the jury that the matter charged as libelous is true, and was published with good motives and for justifiable ends, the party shall be acquitted; and the jury shall have the right to determine the law and the fact.

N.J. Const. Art. I, par. 6.

In light of the identical protections provided by the Federal and State Constitutions, the New Jersey Supreme Court uses the "standards developed by the United States Supreme Court under the federal Constitution." Roman Check v. Dept. of Banking, 169 N.J. 105, 110 (2001); State Farm Mut. Auto. Ins. Co. v. State, 124 N.J. 21, 46-47 (1991), citing Hutton Park Gardens v. Town Council, 68 N.J. 543 (1975). Consequently, the same analysis that a court would provide in a § 1983 claim, would apply to claim for an alleged violation of Plaintiffs' First Amendment rights under the NJCRA. Id.

The NJCRA, codified in N.J.S.A. 10:6-1 et seq., is the State's enforcement mechanism for constitutional violations

under the New Jersey Constitution and United States Constitution. The statute mirrors, the language of 42 U.S.C. 1983. Further, the legislative history states that it is modeled after § 1983, and that the same standards utilized in analyzing claims under § 1983 apply to the claims under the NJCRA. In order to maintain a private right of action under the NJCRA, like § 1983, it must be established that a person was deprived of a "constitutional right" by someone acting "under color of law." N.J.S.A. 10:6-2.

To prove a First Amendment retaliation claim a plaintiff must prove: "first, that [they] engaged in [a] protected activity; second, that the government responded with retaliation; third, that this protected activity was the cause of the government's retaliation." Pulice v. Enciso, 39 F. App'x 692, 696 (3d Cir. 2002); Hill v. Borough of Kutztown, 455 F.3d 225, 241 (3d Cir. 2006) ("To state a First Amendment retaliation claim, a plaintiff must allege two things (1) that the activity in question is protected by the First Amendment, and (2) that the protected activity was a substantial factor in the alleged retaliatory action.").

However, "if probable cause existed to arrest Plaintiff for criminal conduct, Plaintiff may not maintain his claim that he was instead arrested for protected speech." Whaley v. Borough of Collingswood, No. 10-4343, 2012 WL 2340308, at 13

(D.N.J. June 18, 2012); see Pulice, 39 F. App'x at 696 (affirming summary judgment against plaintiff's First Amendment claim of retaliatory arrest where plaintiff was not arrested for expressing her views, but for violating the law); Mesa v. Prejean, 543 F.3d 264, 273 (5th Cir. 2008) (where probable cause exists, "any argument that the arrestee's speech as opposed to her criminal conduct was the motivation for her arrest must fail").

Here, Plaintiffs' First Amendment claims are based solely on the issuance of the summonses. However, Plaintiffs' claims must fail as a matter of law, because as indicated in complaint-summonses and affidavit of probable cause, the officer referenced in the Twitter post feared for his safety, and the safe of his family and property. Thus, the charges were brought as a result of the officer's fear as a result of a Plaintiffs' call on Twitter that the officer, who was referred to therein in derogatory, dehumanizing terms, information be shared publicly under the post ostensibly for the purpose of the Plaintiff to operate as a vigilante in meting out retribution against the officer. The amended-complaint fails to plead any facts showing that the complaint-summonses were issued in an attempt to retaliate or punish Plaintiffs. Accordingly, there is no allegation to support a claim of any constitutional violation by Detective

Rempusheski, and this is fatal to the Plaintiffs' amended-complaint. The Plaintiffs fail to assert any factual allegations to support the pure legal conclusion that the charges that were brought and dismissed two weeks later in any fashion impacted any constitutionally protected right to free speech. Rather it appears that the Plaintiffs either maintained an active social media presence, or unilaterally decided to reduce their social media interactions.

Here, there is no allegation in the Complaint to support a finding of any constitutional violation and this is fatal to the Plaintiff's claim under §1983 and the NJCRA.

**II.   Detective Rempusheski is entitled to qualified immunity.**

Qualified immunity is an entitlement from suit "...rather than a mere defense to liability; and like an absolute immunity, it is effectively lost if a case is erroneously permitted to go to trial." Mitchell v. Forsyth, 472 U.S. 511, 526 (1985). The qualified immunity doctrine is applied to civil rights claims brought against law enforcement officials engaged in their discretionary functions. Morillo v. Torres, 222 N.J. 104, 117 (2015); Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982). The hurdle is a "significant" one. Morillo, 222 N.J. at 116. Qualified immunity relieves an eligible defendant from the burden of trial, see Pearson v. Callahan, 555 U.S.

11

223, 232 (2009), and ordinarily, is a legal question for the court to decide. Brown v. State, 230 N.J. 84, 98-99 (2017).[2]

The qualified immunity test consists of two prongs: (1) *whether the facts alleged, viewed most favorably to the party asserting injury, show that the challenged conduct violated a constitutional or statutory right*; and (2) *whether the right was clearly established*. Morillo, 222 N.J. at 117-118 (citing Saucier v. Katz, 533 U.S. 194, 201 (2001)). As to the second prong, the dispositive point is whether a reasonable officer, in the same situation, clearly would understand that his actions were unlawful." Morillo, 222 N.J. at 118. The unlawfulness of the officer's actions must be "beyond debate." City & Cnty. of S.F. v. Sheehan, 575 U.S. 600, 611 (2015) (quoting Ashcroft v. al-Kidd, 131 S.Ct. 2074, 2083 (2011)). "This exacting standard 'gives government officials breathing room to make reasonable but mistaken judgments' by 'protect[ing] all but the plainly incompetent or those who knowingly violate the law."' Sheehan, 135 S.Ct. at 1774 (quoting Ashcroft, 131 S.Ct. at 1083; Brown, 230 N.J. at 98 (citing, inter alia, Morillo, 222 N.J. at 116).

Here, the filing of charges by Detective Rempusheski did not violate plaintiffs' First Amendment right. Additionally,

_____

[2] The facts here, as presented by Plaintiffs, require dismissal by way of motion to dismiss.

Detective Rempusheski's actions were not unlawful, and Detective Rempusheski clearly did not knowingly violate any law.

### 1. Probable cause existed for the issuance of the complaint-summonses.

Plaintiffs' amended-complaint falsely contends that the issuance of complaint-summonses violated their First Amendment rights. Plaintiffs' First Amendment claim rests, as an initial matter, on the question of whether probable cause existed for the issuance of the complaint-summonses. As probable cause existed, Plaintiffs' misplaced allegations of a First Amendment violation must fail.

Probable cause exists where "'the facts and circumstances within ... [the Detective's] knowledge and of which they had reasonably trustworthy information [are] sufficient in themselves to warrant a man of reasonable caution in the belief that' an offense has been or is being committed." Schneider v. Simonini, 163 N.J. 336, 349-50 (2000) (citing Brinegar v. United States, 338 U.S. 160, 175-76 (1949)). Probable cause is less than the proof needed to convict, but more than mere suspicion. Id. A police officer can defend a § 1983 claim by establishing: (1) that he or she acted with probable cause; or, (2) if probable cause did not exist, that

a reasonable police officer could have believed it existed. Kirk v. City of Newark, 109 N.J. 173, 234 (1988).

A district court may determine that probable cause existed "as a matter of law if the evidence, viewed most favorably to Plaintiff, reasonably would not support a contrary factual finding, and may enter summary judgment accordingly." Estate of Smith v. Marasco, 318 F.3d 497, 514 (3d Cir.2003). As probable cause existed to believe Plaintiffs' had committed a crime, as reflected based upon the communications with Nutley Police Department and the prosecutor's office, the farcical allegations related to Detective Rempuskeski's subjective motivation are irrelevant to the determination that there could be no claim for a First Amendment violation arising out of charges against Plaintiffs.. Stated another way, as probable cause existed to charge Plaintiffs' for criminal conduct, Plaintiffs may not maintain their claim that they were charged for protected speech. See Pulice v. Enciso, 39 Fed. Appx. 692, 696 (3d Cir.2002) (affirming summary judgment against plaintiff's First Amendment claim of retaliatory arrest where plaintiff was not arrested for expressing her views but for violating the law); See also, Mesa v. Prejean, 543 F.3d 264,273 (5th Cir.2008) (where probable cause exists, "any argument that the

arrestee's speech as opposed to her criminal conduct was the motivation for her arrest must fail").

Separately, Plaintiffs Complaint misstates or misconstrues the process for bringing the charge(s) at issue in this matter. Plaintiffs incorrectly assert that a prosecutor was not engaged in this matter until the complaint summonses were issued. Compl. 8 ¶29. As indicated in Detective Rempusheski's investigative report, Assistant Prosecutor Mira Ohm ("Ohm") of the Essex County Prosecutor's Office issued a directive that Plaintiffs and others be charged with cyber-harassment in connection with Alfaro's Twitter post. See Exhibit G[3].

Notably, Plaintiffs bald, unsupported assertion that the complaint-summonses and the affidavits of probable cause did not provide a basis for charging plaintiff's with cyber harassment is directly contradicted by Plaintiffs' concession that the officer referenced in the Twitter post feared for

---

[3] Submission of this material does not convert this motion to dismiss into one for summary judgment, as the Court can take judicial notice of these government records and code provisions, which do not otherwise constitute "facts" over and above that alleged in the complaint. See Pension Benefit Guar. Corp. v. White Consol. Indus., 998 F.2d 1192, 1196 (3d Cir. 1993) ("a court may consider an undisputedly authentic document that a defendant attaches as an exhibit to a motion to dismiss if the plaintiff's claims are based on the document"); In re Burlington Coat Factory Sec. Litigation, 114 F.3d 1410, 1426 (3d Cir. 1997) (documents integral to the complaint may be considered without converting the motion into one for summary judgment); N.J. Sports Prod. Inc. v. Bobby Bostick Promotions, LLC, 405 N.J. Super. 173, 178 (Ch. Div. 2007).

himself, his family, and his property. Compl. 8 ¶32. The cyber-harassment statute, <u>N.J.S.A.</u> 2C:33-4.1(a)(2) states:

> (a) person commits the crime of cyber-harassment if, while making a communication in an online capacity via any electronic device or through a social media networking site and with the purpose to harass another, the person:

> (1) threatens to inflict injury or physical harm to any person ....; [or]
> (2) knowingly sends, posts, comments, requests, suggests, or proposes any lewd, indecent, or obscene material to or about a person with the intent to emotionally harm a reasonable person or place a reasonable person in fear of physical or emotional harm to his person.

<u>N.J.S.A.</u> 2C:33-4.1(a).

In Alfaro's Twitter post, which was shared by others, including Sziszak, Plaintiffs shared the picture of a uniformed on-duty police officer with the caption "[i]f anyone knows who this bitch is throw his info under this tweet." Compl. ¶18. Detective Sandomenico advised Assistant Prosecutor Ohm of the post and his concerns, and thereafter Assistant Prosecutor Ohm approved the charge of cyber-harassment for Alfaro and other individuals who shared the post. On August 7, 2020, as asserted in Plaintiffs' Complaint, the cyber harassment charge was dismissed as to all individuals charged, including Plaintiffs. Compl. ¶36.

The question before this court is whether the circumstances support a conclusion that no reasonably competent officer would have concluded that probable cause existed for the issuance of a complaint-summons. Based on a plain review of the statute's language, it is clear and cannot be meaningfully disputed that: (i) Plaintiffs made an electronic communication on social media platform, Twitter; and (ii) their electronic communication placed Detective Sandomenico in fear for his physical safety and the safety of his family and property. See N.J.S.A. 2C:33-4.1(a).

Furthermore, even if probable cause did not exist here, which it does, all that is required for qualified immunity to attach is that "if officers of reasonable competence could disagree on the issue of probable cause, the doctrine of qualified immunity should be applied." Connor v. Powell, 162 N.J. 397, 409 (2000). Thus, even in absence of probable cause, Defendant Rempusheski is entitled to immunity. Simply put, there has been no violation of any clearly established right.

Under the test for qualified immunity, Detective Rempusheski acted at the direction of an Assistant Prosecutor and information provided during the course of his investigation. Detective Rempusheski issued the complaint-summonses with the approval of the Assistant Prosecutor,

bolstering the necessary conclusion that his actions would were not only appropriate, but fell squarely within the clear framework of the cyber-harassment statute.

Next, Detective Rempusheski acted with restraint and prudence given the possible threat posed to a fellow officer. This is further buttressed by the fact that Plaintiffs' were charged with cyber-harassment with authorization from the prosecutor's office. Detective Rempusheski is thus entitled to the benefit of qualified immunity given his reliance the prosecutor's advice, whether sound or unsound. See Kelly v. Borough of Carlisle, 622 F.3d 248, 255-56 (3d Cir.2010) ("[A] police officer who relies in good faith on a prosecutor's legal opinion that the arrest is warranted under the law is presumptively entitled to qualified immunity from ... claims premised on a lack of probable cause.").

Simply put, viewing these events in their totality, under the test for qualified immunity, Detective Rempusheski's application of the cyber-harassment statute was within its plain meaning. This is not a case where a reasonable officer would have believed that issuance of complaint-summonses was unlawful for the "clearly established" test to be met. See Saucier, supra, 533 U.S. at 202 (requiring indication that reasonable officer in same circumstances clearly would have known conduct was unlawful for "clearly established" test to

be met). Further, under the standard of competence required for qualified immunity, it cannot fairly be said in this instance that no reasonably competent officer would have believed probable cause existed to go forward with an cyber harassment charge against plaintiffs' under these circumstances. As noted previously, "if officers of reasonable competence could disagree on the issue of probable cause, the doctrine of qualified immunity should be applied." Connor v. Powell, 162 N.J. 397, 409 (2000).

In short, Detective Rempusheski actions in this instance simply do not rise to the level to overcome qualified immunity. Accordingly, and for good reason, the qualified-immunity doctrine "protects all officers 'but the plainly incompetent or those who knowingly violate the law.' " Id. Detective Rempusheski actions defy characterization as "plainly incompetent" and there was no knowing violation of law.

## III. Plaintiffs cannot establish a claim for malicious prosecution.

To establish malicious prosecution under § 1983, Plaintiffs must establish that: (1) the defendant initiated a criminal proceeding; (2) the plaintiff suffered a deprivation of liberty consistent with the concept of seizure as a consequence of a legal proceeding; (3) the criminal

prosecution resulted in plaintiff's favor; (4) the proceeding was initiated without probable cause; and (5) the defendant acted maliciously or for a purpose other than bringing the plaintiff to justice. DiBella v. Borough of Beachwood, 407 F.3d 599, 601 (3d Cir.2005); Santiago v. City of Vineland, 107 F.Supp.2d 512, 566 (D.N.J.2000).

Plaintiffs' Complaint and amended complaint concede that the cyber-harassment charge was dismissed prior to Plaintiffs having to appear in court and be arraigned. Thus, plaintiffs cannot maintain a claim for malicious prosecution as their criminal proceeding was initiated with probable cause and dismissed without Plaintiffs suffering any loss of liberty. Furthermore, assuming arguendo that the complaint-summonses were not dismisses, plaintiffs' were not deprived of their liberty as a result of this legal proceeding. While there was no criminal prosecution, the Complaint does not assert any purpose for the charging Plaintiffs' with cyber-harassment besides the administration of justice as supported by the affidavit of probable cause summons-complaint. See Exhibits D, F. Finally, based on allegations contained in the Complaint and Detective Rempusheski's investigative reports, the record is devoid of any indication that he acted maliciously or unlawfully.

## CONCLUSION

For all of the foregoing reasons, defendant, Detective Rempusheski, is entitled to dismissal of all counts in accordance with Fed. R. Civ. P. 12(b)(6), and to the dismissal with prejudice of Plaintiffs' Complaint.


CHASAN LAMPARELLO MALLON & CAPPUZZO PC
Attorneys for Defendant


By:      /s/ Leonard V. Jones
         LEONARD V. JONES
         For the Firm


DATED: April 15, 2021

21