

RALPH J. LAMPARELLO▲
ROBERT A. KAYE▲
CINDY NAN VOGELMAN
JOHN V. MALLON◆*
STEVEN L. MENAKER*
THOMAS R. KOBIN▲
ROBERT A. CAPPUZZO▲
JOHN P. BEIRNE
THOMAS A. MORRONE*
NICOLE R. CASSATA
JAMES F. DRONZEK
PETER L. MacISAAC▲*
KENNETH A. PORRO
PHILIP W. LAMPARELLO▲
RICHARD W. FOGARTY▲
MARIA P. VALLEJO▲
RAYMOND J. SEIGLER
THOMAS B. HIGHT

KIRSTIN BOHN▲
EDNA J. JORDAN
CHEYNE R. SCOTT
RONALD P. BOTELHO▲
MOLLIE H. LUSTIG

TEJAL FORRAR
DAVID B. ANGELUZZI
MICHAEL S. FLEMING
THOMAS N. ZUPPA, JR.▲
ELLEN L. CAMBURN◆
LEONARD V. JONES▲
KELLY A. WEBER
JAMES B. SHOVLIN▲
ASHLEY L. MATIAS▲
MOHAMED T. HEGAZI
JOHN A. SIMEONE

COUNSEL
PETER F. BARISO, JR.
ARTHUR N. D'ITALIA
THOMAS P. OLIVIERI
ROBERT M. CZECH

OF COUNSEL
HERBERT KLITZNER
NEIL B. FINK
DREW D. KRAUSE◆
THOMAS M. BROGAN
CARLO J. CAMPOREALE▲
RYAN J. GAFFNEY▲

RAYMOND CHASAN
(1904-1988)

JOEL A. LEYNER▲
(1931-2020)

300 LIGHTING WAY
SUITE 200
SECAUCUS, NJ 07094
201 348 6000
CHASANLAW.COM

Leonard V. Jones
201 809 6055 DIRECT
ljones@CHASANLAW.COM

June 10, 2021

**<u>VIA LAWYERS SERVICE</u>**
Honorable Madeline Cox Arleo, U.S.D.J.
United States District Court of New Jersey
Martin Luther King Building and
United States Courthouse
50 Walnut Street
Newark, New Jersey 07101

      **Re:** **Kevin Alfaro, et al v. Michael Rempusheski**
         **Civil Action No.: 2:21-cv-02271-MCA-LDW**
         <u>**Our File No.: 13258-0275**      </u>

Dear Judge Arleo:

  This firm represents Defendant, Detective Michael Rempusheski (hereinafter "Detective Rempusheski"), with regard to the above-captioned matter. Detective Rempusheski, respectively submits this brief in opposition to the Reporters Committee for Freedom of the Press ("Reporters Committee") Motion for Leave to File a Brief as Amicus Curiae in support of Plaintiff's opposition to Detective Rempusheski Motion to Dismiss.

## **PRELIMINARY STATEMENT**

Detective Rempusheski submits this oppositions to the Reporters Committee Motion for Leave to file an amicus curiae brief in support of Plaintiffs' opposition Detective Rempusheski Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(6). The motion pending before the Court turns on whether the issuance of the complaint-summons by an officer, at the guidance of an Assistant Prosecutor, amounts to a violation of of Plaintiffs' constitutional rights. This Court should deny the Reporters Committee motion for leave to file an amicus brief because, among other things, it: (1) the proposed brief fails address issues germane to the question before the Court; (2) offers no unique information or perspective that has not or could not be raised by Plaintiffs' themselves; and (3) attempts to prejudice Detective Rempusheski by obfuscating the core issue that is before this Court: that Plaintiffs cannot show a violation of their constitutional rights Detective Rempusheski. Instead, Reporters Committee equates the actions of Plaintiffs' with those of a news reporter, and incorrectly submits that Detective Rempusheski's interpretation of the cyber harassment statute criminalizes routine newsgathering.

For all of the reasons stated below, the Reporters Committee Motion to file amicus curiae brief in support of Plaintiffs' opposition to Detective Rempusheski's Motion to Dismiss should be denied.

## **STATEMENT OF FACTS AND PROCEDURAL HISTORY**

Detective Rempusheski incorporate by reference the Statement of Facts and Procedural History set forth in his Motion to Dismiss Plaintiffs' complaint pursuant Fed. R. Civ. P. 12(b)(6).

## **LEGAL ARGUMENT**

There is no rule governing district courts with regard to the appearance of an amicus curiae; as such, district courts have been guided by the Third Circuit's application of Federal Rule of Appellate Procedure 29, which governs the appearance of amici in the circuit courts. U.S. v. Alkaabi, 223 F.Supp.2d 583, 592 (D.N.J. 2002). In accordance with this rule, courts consider the following factors in deciding whether to grant amicus status: whether "(1) the amicus curiae has a 'special interest' in the particular case; (2) the amicus curiae's interest is not represented competently or at all in the case; (3) the proffered information is timely and useful; and (4) the petitioner is not partial to a particular outcome in the case." Prof'l Drug Co. Inc. v. Wyeth Inc., No. 11–5479, 2012 WL 4794587, 1 (D.N.J. 2012). Whether to grant amicus status is within the "broad discretion of the district court." Id. However, at the district court level, "the aid of amicus curiae may be less appropriate than at the appellate level." Yip v. Pagano, 606 F.Supp. 1566, 1568 (D.N.J. 1985) aff'd, 782 F.2d 1033 (3d Cir. 1986).

"District Courts may permit third parties to appear in court as amicus curiae where they 'can contribute to the court's understanding of the' issues being presented to the court." United States v. Bayer Corp., No. 07-0001, 2014 WL 12625934, at 1 (D.N.J. Oct. 23, 2014) (quoting Harris v. Pernsley, 820 F.2d 592, 603 (3d Cir. 1987)).

An amicus curiae is "one who gives information to the court on some matter of law in respect of which the court is doubtful, or who advises of certain facts or circumstances relating to a matter pending for determination." Casey v. Male, 63 N.J. Super. 255 (Law Div. 1960); accord Keenan v. Board of Chosen Freeholders of Essex County, 106 N.J. Super. 312, 316 (App. Div. 1969) ("[t]he status of an Amicus curiae is, of course, advisory rather than adverse").

Of course, the arguments of an amicus curiae are not entitled to any presumption of validity, and the Court is free to reject any such arguments. See River Dev. Corp. v. Liberty Corp., 51 N.J. Super. 447, 471-72 (App. Div. 1958).

Here, because the amicus curiae brief by Reporters Committee would not assist the Court in resolving the pending motion. Therefore, Reporters Committee Motion for Leave to file an amicus curiae brief should be denied.

I.   An Amicus Brief is unwarranted in this case.

   A.  Reporters Committee has no special interest in the case.

When evaluating a motion for leave to file an amicus curiae brief, the court looks to whether its "interests which would be ultimately and directly affected by the court's ruling on the substantive matter before it." Yip, 606 F. Supp. at 1568. The potential amici must show more than simply "a generalized interest in all cases" of a similar subject matter. Sciotto v. Marple Newtown Sch. Dist., 70 F. Supp. 2d 553, 555 (E.D. Pa. 1999).

Here, Reporters Committee asserts that their proposed brief would "aid this Court's disposition for reporters who cover law enforcement agencies." Reporters Committee Br. at 4. Reporters Committee further assert that soliciting information about

an officers identity engaged in newsworthy conduct is routine feature of police accountability reporting, and that if the actions of Plaintiffs give rise to probable cause, it would conflict with clearly established freedom of the press. Id. Reporters Committee has no special interest in this case, rather they have a general interest in identification of police officers by news reporters. First, Plaintiffs are not news reporters, and were not seeking the information for newsworthy or investigative purposes. As admitted by Reporters Committee, the language used by Plaintiffs was "coarse" and "vulgar." Id. at 3 and 7. There is no suggestion by Reporters Committee that Plaintiffs' are not be able to present proper opposition and objections to the pending Motion. Rather, Reporters Committee is a unincorporated nonprofit association that regularly files amicus briefs in cases of similar subject matters, see id. at 3, to promote press freedoms. Indeed, Reporters Committee interest in filing an amicus brief is precisely the type of generalized concern that is not, by itself, sufficient to grant amicus status.

Thus, this factor does not support granting Reporters Committee motion.

**B.  Plaintiffs are competently represented.**

Generally, courts tend to reject proposed amicus brief when parties are "adequately represented by competent counsel." Price v. Corzine, No. 06-1520, 2006 WL 2252208, at *3 (D.N.J. Aug. 7, 2006). Here, Reporters Committee do not assert an interest that is not already competently represented by Plaintiffs' counsel, whose practice is dedicated to constitutional advocacy and protections.[1] Further Plaintiffs' counsel has, in the brief opposing the pending motion, ably explained Plaintiffs'

---

[1] The mission of the Institute for Constitutional Advocacy and Protection is to use the power of the courts to defend American constitutional rights and values. See https://www.law.georgetown.edu/icap/ (Last visited June 8, 2021)

positions as to the pending motion. Moreover, as already noted, Plaintiffs' are not news reporters and this Court's decision as to the motion will have not implication on news reporters' ability to identify police officers for newsworthy or investigative purposes.

Thus, this factor also does not support granting Reporters Committee motion for leave to file an amicus curiae brief.

**C. The information proferred is not relevant to the issue before this Court.**

"The purpose of an amicus curiae...is to assist the court in a proceeding." McDonough v. Horizon Healthcare Servs., Inc., No. 09-571, 2014 WL 3396097, at *12 (D.N.J. July 9, 2014), aff'd sub nom. 641 F. App'x 146 (3d Cir. 2015) (citing Yip, 606 F.Supp. at 1568).

Here, the proposed amicus brief seeks to highlight the potential consequences for news reporters who cover law enforcement agencies. However, the objections outlined in the proposed amicus brief are not germane to the issue before this Court; and will not aid the Court is reaching a decision in this with regard to the pending Motion. Plaintiffs' here are private citizens and Detective Rempusheski's role in this matter is limited to issuing complaint-summonses at the direction of an Assistant Prosecutor. Thus, the proposed amicus brief does not contribute to the Court's understanding of the issues presented in the pending Motion and its potential consequences. As such, Reporters Committee is precisely the type of amicus whose opinion provides no assistance to the Court, particularly under the circumstances relevant to Detective Rempusheski's pending Motion.

Thus, this factor does not support granting Reporters Committee motion.

### D. Reporters Committee is not impartial.

"While the partiality of an amicus is a factor to be considered by a court in deciding whether to allow participation, there is no rule that amici must be totally disinterested." <u>Alkaabi</u>, supra, 223 F. Supp. 2d at 592. Here, although Reporters Committee is admittedly partial to arguments in favor of Plaintiffs. <u>See</u> <u>Neonatology Assocs., P.A. v. Comm'r</u>, 293 F.3d 128, 131-32 (3d Cir. 2002) (noting that "[p]arties with pecuniary and policy interests have been regularly allowed to appear as amici in our courts"). Thus, this factor does weigh in favor or against Reporters Committee.

### **CONCLUSION**

For the foregoing reasons, Plaintiff Detective Rempusheski's respectfully requests that this Court deny Reporters Committee Motion for Leave to File Amicus Curiae Brief. In the alternative, should the Court grant Reporter's Committee Motion, Detective Rempusheski requests an opportunity to respond.

Respectfully submitted,

Leonard V. Jones
For the Firm

c. All Counsel (via electronic filing)